B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS *Dennis M Costello* | DEFENDANTS *Daniel E and Raina G Applegate* |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) *Pro-se* | ATTORNEYS (If Known) *Bruce Buckrop   61201   114 19th St   Rock Island Ill* |
| PARTY (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☒ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

*Objection to Discharge and Discharge ability of Debts*
*Bankruptcy Case # 26-00100 lmj7*

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
1 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

'26 APR 3 2:24 PM

**B1040 (FORM 1040) (12/24)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR <br> Daniel & Raina Applegate | BANKRUPTCY CASE NO. <br> 26-00100 lmj7 | |
| DISTRICT IN WHICH CASE IS PENDING <br> Southern | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF <br> Dennis Costello | DEFENDANT <br> Daniel + Raina Applegate | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING <br> Southern | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE <br> 4-1-26 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> Dennis Costello | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

ADVERSARY COVER SHEET

Fill this into the court form or include:

Plaintiff: Dennis M. Costello

Defendant:
Daniel Everett Applegate, Raina Gail Applegate

Case No: 26-00100 /mj7

Nature of Suit:
☑ Object to Discharge (§727)
☑ Dischargeability (§523)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA

In re:
Daniel Everett Applegate
Raina Gail Applegate
Debtors

Case No. 26-00100 *lmj7*

Dennis M. Costello,
Plaintiff,
v.
Daniel Everett Applegate and
Raina Gail Applegate,
Defendants.

'26 APR 3  2:24PM

Adversary Proceeding No. _____

COMPLAINT OBJECTING TO DISCHARGE AND TO DETERMINE DISCHARGEABILITY OF DEBT

I. JURISDICTION AND VENUE
This is an adversary proceeding pursuant to 11 U.S.C. §§ 523 and 727.
This Court has jurisdiction under 28 U.S.C. § 1334.
This is a core proceeding under 28 U.S.C. § 157(b).
Venue is proper in this Court.

II. PARTIES

Plaintiff, Dennis M. Costello, is an individual residing in Iowa.

Defendants, Daniel and Raina Applegate, are debtors in Chapter 7

Case No. 26-00100.

III. FACTUAL BACKGROUND

Plaintiff assisted Defendants in obtaining financing related to real property located in Iowa.

Plaintiff believed he was acting only as a co-signer and relied on representations made by Defendants and the lending institution.

Plaintiff is obligated on loan debt while Defendants retained control and benefit of the funds.

Bank records reflect repeated loan increases and withdrawals by Defendant Daniel Applegate, with funds not used for the stated purpose of property improvements.

Despite availability of funds, property taxes were not properly paid, and Plaintiff was required to cover expenses.

The condition of the property deteriorated despite Defendants' representations that funds were used for repairs.

Defendants resided at Plaintiff's property for approximately 15 months without paying rent, and a claim for unpaid rent and damages existed prior to bankruptcy.

During this period, Defendants possessed multiple vehicles and personal property, which were later removed, driven away, and, upon information and belief, sold or transferred.

These assets and transfers were not fully disclosed in Defendants' bankruptcy schedules.

Defendants testified under oath that they obtained a second mortgage and paid Plaintiff; however, the lending institution has no record of such mortgage or payment.

Upon information and belief, approximately six months prior to filing, Defendant Daniel Applegate and his sister received a substantial inheritance exceeding $400,000 in total estate value, which was not disclosed.

Additional concerns exist regarding undisclosed assets or income, including a pending medical malpractice claim and involvement in outside financial activities identified in litigation.

The Chapter 7 Trustee has indicated that Defendants' disclosures and explanations are inconsistent and incomplete. The trustee also suggested contacting the Defendant's attorney with questions including but not limited to the assets, their statements under oath, and transfer of vehicles. Plaintiff has not received any response from the Defendants attorney after reaching out 3x by phone and to 5 different emails.

COUNT I – OBJECTION TO DISCHARGE (11 U.S.C. § 727)

Plaintiff incorporates all prior paragraphs.
Defendants knowingly and fraudulently made false oaths, including:

Claiming a second mortgage existed
Claiming Plaintiff was paid

Defendants failed to disclose:

Assets (vehicles and personal property)

Transfers of property

Inheritance and potential claims

Defendants concealed property and financial information from the estate.

Such conduct warrants denial of discharge under
11 U.S.C. § 727.
COUNT II – NON-DISCHARGEABILITY (11 U.S.C. § 523)

Plaintiff incorporates all prior paragraphs.

Defendants obtained money and financial benefit through false representations and misuse of loan proceeds.

Funds were not used for intended purposes, including property improvements and taxes.

Plaintiff suffered financial harm as a direct result.

The debt owed to Plaintiff is therefore non-dischargeable under 11 U.S.C. § 523.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Denial of Defendants' discharge under 11 U.S.C. § 727;

B. Determination that the debt owed to Plaintiff is non-dischargeable under § 523;

C. Such other relief as the Court deems just and proper.

DATED: 4 / 26

Dennis M. Costello    Dennis Costello
Plaintiff (Pro Se)    2995 145 St
                      Charlotte Iowa 52731

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA

In re: Applegate

Case No. 26-00100 *lmj7*

ORDER SETTING DEADLINE AND NOTICE

Upon filing of the Complaint by Plaintiff Dennis M. Costello,

IT IS ORDERED:

Defendants shall file a response within the time required by applicable rules.

The Clerk shall issue summons.

The matter shall proceed according to the Federal Rules of Bankruptcy Procedure.

DATED: _____

Judge _____

CERTIFICATE OF SERVICE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA
In re:

Daniel Everett Applegate
Raina Gail Applegate

Debtors

Case No. 26-00100 *lmj7*

Dennis M. Costello,
Plaintiff,
v.
Daniel Everett Applegate and
Raina Gail Applegate,
Defendants.

Adversary Proceeding No. _____

CERTIFICATE OF SERVICE

I, Dennis M. Costello, certify that on the ___ day of _____, 2026, I served a true and correct copy of the foregoing Adversary Complaint by depositing it in the United States Mail, first-class postage prepaid, addressed to the following:

Daniel Everett Applegate
Raina Gail Applegate
Address:

Debtors' Attorney Name:
Law Firm Name:
Attorney Address:

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 4 / 1 , 2026

Dennis M. Costello   *Dennis Costello*
Plaintiff (Pro Se)